UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : MAG. NO. 20-187 (ZMF) |
| | : |
| REGINALD HACKNEY, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**I. Procedural History**

The defendant is charged by criminal complaint with one count Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

On Wednesday, September 23, 2020, at approximately 1:00 p.m., members of the Metropolitan Police Department (MPD) Narcotics and Special Investigation Division (NSID), executed multiple United States District Court search warrants within the District of Columbia.

2

Through investigation prior to the execution of the warrants, Officers were aware that multiple individuals known to be members and associates of the target crew were recently in possession of firearms.

While approaching one of the search warrant locations – which has experienced a number of recent shootings, including shootings that have occurred in broad daylight – Officers observed a small group of individuals standing in the courtyard in front of 403 N Street Northwest, Washington, D.C. Officers observed two individuals, Mr. Jaden Smith and Mr. Jamayl Johnson. Officers had United States District Court search warrants for Mr. Smith and Mr. Johnson's persons. The group was stopped for the purpose of identifying individuals associated with the crew and to identify individuals for which search warrants were active. Mr. Smith was subsequently searched and arrested in reference to items seized during the search. Specifically, during the search of Mr. Smith, officers recovered a plastic twist containing white powder substance in Mr. Smith's front pants pocket. The substance weighed approximately 6 grams with packaging and field-tested positive for the presence of fentanyl. Officers also recovered a digital scale with white powder residue from Mr. Smith's person.

During this stop, a known associate of the crew, later identified as Defendant Hackney, was also located standing with Mr. Smith and other suspected members of the crew. He was subsequently stopped. Officers on scene had prior knowledge that Defendant Hackney is known to carry firearms. A protective pat down was conducted. During this pat down, Officers felt a hard metal object in which was immediately recognized to a firearm in Defendant Hackney's front pant waistband.

The firearm recovered from the waistband of Defendant Hackney was determined to be a

Taurus 45 caliber semi-automatic handgun, Model 1911, bearing serial number NLR52251. The firearm was loaded with eight (8) rounds of ammunition in the magazine and one (1) round in the chamber. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce. Additionally, a check of the National Crime Information Center (NCIC) revealed that the firearm was reported stolen out of Hampton, Virginia.

A criminal history check of Defendant Hackney through NCIC confirmed that Defendant Hackney has a prior felony conviction in the Superior Court for the District of Columbia, for Burglary Two case number 2013 CF3 007118. Defendant Hackney was sentenced to twenty-four (24) months for this offense with three (3) years of probation. Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

### B. Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also weighs in favor of detention. The evidence against the defendant is very strong: the defendant did not throw or otherwise get rid of the gun he was carrying, but had it in his waistband when the officers recovered it. The firearm was loaded with one (1) round in the chamber and eight (8) rounds in the magazine. There is also little double that the defendant was aware he had previously been convicted of offenses punishable by more than one year, given that he had been sentenced to twenty-four (24) months in a prior case.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. The defendant's criminal conduct has remained undeterred, as evidenced by his contacts with the criminal justice system for the past several years and his repeated failures while on supervision. The defendant has the following prior convictions as an adult:[1]

- Tampering with a GPS Detection Device (Failure to Charge) (D.C. Superior Court case 2017 CMD 013337). The defendant was sentenced to time served. The defendant was on supervised release in case 2013 CF3 007118 when he committed this offense.

- Burglary Two (D.C. Superior Court case 2013 CF3 007118). The defendant and another individual broke into a basement apartment with two complainants inside. The defendant was seen fleeing the apartment by an officer and apprehended. The defendant was on supervised release in case 2012 CF2 006111 when he committed this offense. The defendant was sentenced to twenty-four (24) months for this offense with three (3) years of supervised release. The defendant's period of supervised release was to run from November 25, 2016-November 25, 2019. He tested positive for illicit substances on two (2) occasions in 2017 and was arrested for Tampering with a GPS Device (Failure to Charge) in case 2017 CMD 013337.

- Receiving Stolen Property $1000 or More (D.C. Superior Court case 2012 CF2-006111). The defendant admitted to riding in a car with a punched ignition without

---

[1] The United States respectfully requests the opportunity to amend or supplement this information upon receipt of the Pretrial Services Report.

the permission of the owner. The car collided with a police vehicle and the defendant fled from the scene before he was apprehended. He was sentenced to six (6) months of incarcerations followed by three (3) years of supervised release, and $550.00 in restitution. The defendant was on probation in case 2011 DVM 001602 when he committed this offense.

- Simple Assault (D.C. Superior Court Case 2011 DVM 001602). The defendant was sentenced to 180 days incarceration all suspended and a period of supervised probation. The defendant's probation was revoked and he was resentenced to 60 days incarceration on May 3, 2012.

The government submits that this factor also weighs in favor of the defendant's detention. Additionally, the recent conviction for tampering with a GPS device demonstrates that the defendant cannot comply with conditions, were the Court to place him on an ankle bracelet or on home confinement.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The Complaint alleges that while prohibited from owning or possessing a firearm due to his prior offenses, the defendant possessed a loaded firearm. The firearm that the defendant possessed had the potential to cause serious bodily injury or the death of innocent persons in the community—especially when coupled with the narcotics found on an individual the defendant was with at the time of his arrest. As noted above, the defendant has had numerous failures while on supervision. Additionally, he has run from law enforcement previously; and, within the last few years, was convicted of tampering with

his GPS device while on supervision.

For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III.  Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

>Respectfully submitted,
>
>MICHAEL R. SHERWIN
>ACTING UNITED STATES ATTORNEY
>
>By:     /s/
>ANDREA DUVALL
>AR Bar 2013114
>Assistant United States Attorney
>555 Fourth Street, N.W., Fourth Floor
>Washington, D.C. 20530
>Telephone: (202) 252-6745
>E-mail: andrea.duvall2@usdoj.gov